[Civ. No. 2976. First Appellate District, Division One.—December 9, 1919.]

C. B. WALLACE, Respondent, v. FRESNO CANAL AND LAND CORPORATION (a Corporation), Appellant.

[1] NEGLIGENCE—IMPROPER MANAGEMENT OF IRRIGATION SYSTEM—ACTION FOR DAMAGES—CONFLICTING EVIDENCE—FINDINGS—APPEAL. Where, as in this action for damages alleged to have been sustained by the plaintiff, and his assignor, through the alleged negligence of the defendant in the management and control of its ditches and canals whereby plaintiff's land was overflowed and damage caused, the testimony of defendant's employee having charge of the portion of the irrigation system in question as to the manner of its operation and control is contradicted by the testimony of plaintiff's witnesses, the appellate court will not interfere with the findings and conclusions of the trial court.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Short & Sutherland and Carl E. Lindsay for Appellant.

G. L. Aynesworth for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff and against the defendant for damages alleged to have been sustained by the plaintiff, and also by one T. Hampoyan, his assignor, through the alleged negligence of the defendant.

[1] The complaint alleged that the defendant was a corporation engaged in the business of distributing water for irrigating purposes in the county of Fresno, wherein, for several years, it maintained and controlled a system of ditches and canals, among which was a large ditch or canal commonly known as Dry Creek, which ran to and by the southeast corner of the lands leased by the plaintiff and by plaintiff's assignor, from which point a small lateral ditch had been constructed along the south line of said plaintiff and of his assignor and of a number of other land owners, from which smaller ditch their lands were supplied with water. The complaint further alleged that the defendant, through its servants, agents, and employees, so negligently and carelessly handled, managed, and controlled the water flowing in said Dry Creek and the headgates therein, and particularly the headgate which turns the water into said smaller lateral ditch, that an amount of water far in excess of the capacity of said lateral ditch was turned into it, and having broken over and overflowed its banks, flowed on to and upon the lands of plaintiff and his assignor, causing the damage complained of. The defendant, while admitting the ownership of the irrigation system and of the ditches and headgates above referred to, denied any negligence in the conduct and management thereof from which the plaintiff and his assignor suffered the damages of which the former complains.

Upon the trial of the cause before the court the defendant admitted that if the injuries complained of were caused by its negligence, the amount of damages sought to be recovered was reasonable. The only question, therefore,

before the trial court was as to whether the plaintiff's damages were the result of the defendant's negligence.

The trial court upon this issue found in favor of the plaintiff, and from the judgment thereupon entered for the amount of damages claimed by him this appeal has been taken.

The only question presented by the appellant upon this appeal is as to whether there is sufficient evidence to sustain the finding of the court with respect to the defendant's negligence, the sole contention of the appellant being that there is an entire absence of sufficient evidence to sustain such finding. The argument of the appellant in that regard is based upon the testimony of one of its own employees, whose name was R. N. Clift, and who was the ditch-tender of the defendant, having charge of that portion of their irrigation system which embraces Dry Creek and its smaller lateral canal and the headgates which control the amount of water flowing and to flow in each of these. It is the appellant's contention that the testimony of its said witness in respect to the amount of water flowing in these two ditches, and in respect to the condition of the headgates controlling such flow, is uncontradicted, and, if taken to be true, shows that the defendant exercised all due care in the premises, and that whatever overflow of waters occurred must have been caused by the tampering with the headgates of the defendant by some person or persons unknown, and for whose acts in the regard it cannot be held responsible.

After a somewhat careful examination of the record we are unable to adopt the appellant's contention in this regard, since we find that the testimony of said witness for the defendant was, in fact, contradicted by the testimony of several witnesses for the plaintiff with respect to the condition of said ditches and of the headgates therein, and also with respect to the time and amount of water flowing in said ditches a short time prior to the overflow of said water from the lateral ditch and on to the plaintiff's land. These contradictions, in our opinion, create a substantial conflict in the evidence sufficient to justify the trial court in disregarding a large portion of the evidence of defendant's said witness, and in finding that the overflow in question occurred through the failure of the defendant's said ditch-tender to properly control the waters flowing in said ditches, and to

so properly adjust the headgates therein as to prevent an overplus of water from entering the said lateral ditch and pouring over its banks on to the plaintiff's land. This being the state of the record, this court will not interfere with the findings and conclusions of the trial court.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.